IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>ROBERTO PASSMORE,<br><br>    Defendant.<br>_____/ | No. CR 11-0415 CW<br><br>ORDER GRANTING MOTION FOR REDUCTION IN SENTENCE<br>(Docket No. 42) |

    Defendant Roberto Passmore, represented by counsel, moves for a reduction of sentence to eighty-four months, pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, based on the Sentencing Commission's Amendment 782 which revised the Drug Quantities Table across drug and chemical types.  The government opposes the motion and the Probation Office has filed a Sentence Reduction Investigation Report recommending a sentence of eighty-four months.  Having considered the parties' papers and the entire record in this case, the Court GRANTS Defendant's motion.

BACKGROUND

    On October 12, 2011, Defendant plead guilty, without a plea agreement, to violating 21 U.S.C. §§ 841(a)(1), possession with intent to distribute five grams or more of methamphetamine. Applying United States Sentencing Guideline (USSG) § 2D1.1(c)(6),

the Presentence Report (PSR) indicated that Defendant would be classified in Criminal History Category V with an offense level of 25. This offense level included a three-level downward adjustment for acceptance of responsibility. This would place Defendant's advisory Guidelines range at 100 to 125 months.

However, the PSR also determined that Defendant was a Career Offender pursuant to USSG § 4B1.1(b). The determination that Defendant was a Career Offender was based on one crime of violence, evading a peace officer, and one controlled substance offense, possession of marijuana. Treating Defendant as a Career Offender, still including a three-level downward adjustment for acceptance of responsibility, resulted in an offense level of thirty-one. Career Offenders are automatically classified in Criminal History Category VI, which resulted here in an increased Guidelines range of 188 to 235 months. Defendant objected to the PSR, arguing, among other things, that the evading a peace officer offense does not qualify as a crime of violence for purposes of the Career Offender Guideline.

At sentencing, the Court found that Defendant was not a Career Offender and, applying the non-Career Offender Guidelines range of 100 to 125 months, sentenced Defendant to 108 months of incarceration. After the sentencing hearing, but before the Statement of Reasons was entered, the parties stipulated that Defendant would remove his objection to the application of the Career Offender Guideline and that the record be amended to reflect that Defendant's Guidelines Offense Level was 31 and his Criminal History Category was VI. Docket No. 31. In addition, the parties stipulated that the 108-month sentence imposed by the

Court was reasonable and comported with 18 U.S.C. § 3553(a). Finally, the parties agreed that the stipulation could not be used against Defendant "in any proceeding." Docket No. 31.

DISCUSSION

Defendant now moves for a reduction of sentence in light of the Sentencing Commission's 2014 amendment to the Sentencing Guidelines, Amendment 782. The amendment generally reduced by two levels the base offense levels for all drug and chemical types in the Drug Quantity Table in USSG § 2D1.1. USSG App. C, amend. 782.

I.  Eligibility for Sentence Reduction

"As a general matter, courts may not alter a term of imprisonment once it has been imposed." United States v. Hicks, 472 F.3d 1167, 1169 (9th Cir. 2007). However, 18 U.S.C. § 3582(c)(2) creates an exception to this rule.[1] A defendant is eligible for a sentence reduction under § 3582(c) "if two prongs are satisfied: (1) the sentence is based on a sentencing range that has subsequently been lowered by the Sentencing Commission and (2) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." United States v. Pleasant, 704 F.3d 808, 810 (9th Cir. 2013) (internal quotation marks omitted). The policy statement at USSG § 1B1.10(a)(1) provides that a defendant is eligible for a sentence reduction if

---

[1] Section 3582(c)(2) provides:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Commission . . . the court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent applicable if such reduction is consistent with the applicable policy statement of the Sentencing Commission.

3

"the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines. . . ." U.S.S.G. § 1B1.10(a)(1).  Accordingly, a defendant's sentence must be "based on" a sentencing range that has been changed, and the guideline range "applicable to" the defendant must have been lowered by an amendment in order for him or her to be eligible for a reduction under § 3582(c).  Application Note 1(A) to USSG § 1B1.10 provides that the "applicable" guideline range is "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance."  USSG § 1B1.10 cmt. n.1(A).

Defendant argues that, if the amendment had been in effect when he was sentenced, his total offense level would have been 23, resulting in an advisory Guidelines range of eighty-four to 105 months.[2]  Because the low-end of the Guidelines range, eighty-four, is less than the 108-month sentence imposed, Defendant is eligible for a sentence reduction.  See USSG § 1B1.10(b)(2).

Where, as here, a court determines that a defendant is eligible for a sentence modification under § 1B1.10, it then considers "whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in [18

---

[2] The government does not dispute that Defendant is eligible for a sentence reduction under § 1B1.10.  Although the parties stipulated that Defendant's objection to application of the Career Offender Guideline would be withdrawn and the record would be amended to reflect a base offense level based on the Career Offender Guideline, the stipulation did not change the sentence imposed and specifically provided that the stipulation could not be used against Defendant in any proceeding.

4

U.S.C.] § 3553(a)."  <u>Dillon v. United States</u>, 560 U.S. 817, 826 (2010).  In addition, a court shall consider public safety and may consider a defendant's post-sentencing conduct.  <u>See</u> USSG § 1B1.10, comment. n.1(B).

Defendant argues that the Court should reduce his sentence by twenty-four months to eighty-four months, the low end of the amended Guidelines range.  He contends that his post-sentencing conduct warrants the reduction and consideration of the § 3553(a) factors and public safety support the new sentence.  The Probation Office also recommends an eighty-four month sentence "[b]ased on the defendant's conduct in the instant offense, his criminal history, and his post-sentencing conduct."  Docket No. 50.

Defendant notes that he has earned his GED, even though prior to this offense, he had only a sixth grade education.  Further, he has taken advantage of substance abuse counseling to address his drug addiction, which he believes was at the root of his criminal behavior.  Defendant has received good work reviews while in prison.  Although he has received three disciplinary referrals while in prison, the most recent one was in 2014.  Defendant also asserts that his early release poses a minimal risk to public safety.  His criminal behavior was associated with his drug use and his gang membership, neither of which continues.  Moreover, research conducted by the Sentencing Commission indicated that the Amendment would not have any negative effect on public safety or recidivism rates.  79 Fed. Ref. 26005.

The government counters that Defendant should not be granted a sentencing reduction for several reasons.  First, the government argues that Defendant's motion "repudiate[s] a sworn statement"

5

because Defendant previously stipulated that the 108-month sentence imposed "is reasonable and comports with 18 U.S.C. § 3553(a)." Docket No. 49 at 6; Docket No. 31. However, Supreme Court case law allows relief under § 3582, even where a defendant has plead guilty pursuant to a Rule 11(c)(1)(C) plea agreement, which specifies the sentence to be imposed. See Freeman v. United States, 131 S. Ct. 2685 (2011). Moreover, the § 3553(a) factors instruct a sentencing court to take into account the advisory Guidelines range. Now that the Guidelines range has changed, the § 3553(a) analysis has also changed. The government also points to Defendant's gang membership at the time of the offense and his criminal activity following his arrest for the instant offense. However, all of that activity occurred prior to and was taken into account at Defendant's original sentencing. There is no evidence of recent gang or criminal activity. Finally, the government argues that, if the Court reduces Defendant's sentence, it should only reduce it to ninety-one months, which is approximately thirty-three percent above the bottom of the new Guidelines range. The government notes that the Court previously sentenced Defendant to 108 months, approximately thirty-two percent above the bottom of the original Guidelines range.

Considering the amended Guidelines and the 28 U.S.C. § 3553(a) factors, the Court finds the reasonable sentence to be eighty-four months.

## CONCLUSION

For the foregoing reasons, Defendant's motion for reduction of sentence is GRANTED (Docket No. 42). Defendant's

1  sentence is eighty-four months.  An amended judgment and
2  commitment will be issued separately.
3       IT IS SO ORDERED.

5  Dated: August 8, 2016

   _____
   CLAUDIA WILKEN
   United States District Judge